UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FILED

MAY 0 8 2007

DAVID CREWS, CLERK
BY_____
DEPUTY
11/13/07

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:06CR104-P-B

REHABSOURCE, INC.

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. **GUILTY PLEA**. The defendant agrees to waive indictment and plead guilty under oath to Count One of the Information which charges theft of government property, and which carries maximum possible penalties of not more than ten years imprisonment, not more than $250,000 fine, not more than 3 years supervised release, and a mandatory special assessment of $100.00; all in violation of Title 18, United States Code § 641.

2. **OTHER CHARGES**. The United States Attorney agrees not to charge the defendant with any other offenses arising from or related to the above charges.

3. **COOPERATION**. (a). The defendant agrees to cooperate with the United States Attorney by giving full and truthful statements to such agents as are assigned by the United States Attorney to interview defendant as to all knowledge defendant may have of other persons involved in any way in the offenses charged and all other criminal offenses in any way and to give full and truthful testimony about same before any federal grand juries and trial juries before

which defendant is subpoenaed. The defendant understands that a false statement to a federal agent or a failure to testify truthfully would subject him to prosecution for false statement or perjury.

(b). As part of his cooperation, defendant will pay to the Clerk of this Court <u>before</u> sentencing the mandatory $100.00 assessment fee. The United States Attorney will make known to the Court at the time of sentencing the nature and extent of all testimony and other cooperation of the defendant, including payment or non-payment of assessment fees.

4. **POLYGRAPH**. The defendant agrees to submit to polygraph examination(s), if requested by the United States Attorney, by a federal polygraph examiner designated by the U.S. Attorney, regarding the defendant's knowledge of these and all unlawful activities about which defendant has knowledge.

5. **SENTENCING**. The United States Attorney agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the sentence imposed shall be probation. Should the Court not accept the plea agreement, the parties hereby agree that the defendant will not be bound by the plea agreement and may withdraw it plea. Otherwise, there is no agreement as to the sentence to be imposed, which will be in the sole discretion of the Court subject to the Federal Sentencing Guidelines, which have been explained to defendant by it attorney. Both parties reserve their right to speak at sentencing.

6. **SENTENCE DEPARTURES AND REDUCTIONS**. The United States Attorney, in his sole discretion, may before sentencing move the Court for a downward departure under Section 5K1 of the Sentencing Guidelines based upon substantial assistance or may file after sentencing a Rule 35 motion to reduce sentence based upon defendant's cooperation. The defendant understands that decisions whether to move the Court for downward departure or to

reduce sentence are entirely in the discretion of the United States Attorney, not the defendant or his attorney, and that the Court can deny in whole or in part either or both of such motions.

7. **FORFEITURE.** The defendant agrees to the forfeiture of $458,237 in United States currency and also agrees to pay to the United States Government triple damages in the amount of $1,374,711 which will be reflected in a civil settlement agreement.

8. **OTHER AUTHORITIES**. This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.

9. **WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS**. Defendant REHABSOURCE, INC. **hereby expressly waives it rights to** appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant REHABSOURCE, INC. also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant REHABSOURCE, INC. waives these rights in exchange for the concessions and recommendations made by the United States Attorney in this plea agreement.

10. **VIOLATIONS OF THIS AGREEMENT**. If defendant violates this agreement, all statements made pursuant hereto will all be admissible against defendant who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

11. **ACKNOWLEDGMENTS; NO OTHER AGREEMENTS; DEFENDANT IS IN**

**FACT GUILTY**. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. Defendant agrees that the Court may continue all proceedings in the case until such date as the Court may set for consideration of the plea agreement, the plea of guilty and imposition of sentence. This agreement fully reflects all promises, agreements and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty of the charges.

The foregoing constitutes the only plea agreement between the parties.

This the 13th day of November, 2007.

JIM M. GREENLEE by:
UNITED STATES ATTORNEY
Mississippi Bar No. 5001

AGREED AND CONSENTED TO:

REHABSOURCE, INC., Defendant

APPROVED:

EDWARD BLACKMON, JR.
Attorney for Defendant
Mississippi Bar No. 3352